**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 25 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ISAAC MATEO ALVAREZ-
HERNANDEZ,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No.    17-73357

Agency No. A208-149-818

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 17, 2019**

Before:    McKEOWN, BYBEE, and OWENS, Circuit Judges.

Isaac Mateo Alvarez-Hernandez, a native and citizen of Honduras, petitions

for review of the Board of Immigration Appeals' order dismissing his appeal from

an immigration judge's decision denying his application for withholding of

removal and relief under the Convention Against Torture ("CAT").  We have

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We review de novo claims of due process violations in immigration proceedings. *Jiang v. Holder*, 754 F.3d 733, 738 (9th Cir. 2014). We deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on an inconsistency between Alvarez-Hernandez's testimony and documentary evidence as to the date of a shooting, and an inconsistency between his testimony and asylum declaration as to the identity of the gang that threatened him in March 2016. *See Shrestha*, 590 F.3d at 1048 (adverse credibility finding reasonable under the totality of the circumstances). Alvarez-Hernandez's explanations do not compel a contrary conclusion. *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000). Thus, in the absence of credible testimony, in this case, Alvarez-Hernandez's withholding of removal claim fails.

Alvarez-Hernandez does not challenge the agency's denial of relief under CAT. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013) (issues not specifically raised and argued in a party's opening brief are waived).

Thus, we deny the petition as to Alvarez-Hernandez's CAT claim.

We reject Alvarez-Hernandez's contention that the agency violated his due process rights. *See Lata*, 204 F.3d at 1246 (requiring error to prevail on a due process claim); *see also Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009) ("To establish a due process violation, a petitioner must show that defects in translation prejudiced the outcome of the hearing.").

Alvarez-Hernandez's request to terminate or remand, set forth in the opening brief, is denied.

**PETITION FOR REVIEW DENIED.**

17-73357